# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| VERN MCKINLEY,<br><br>              Plaintiff,<br><br>              v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>              Defendant. | Civil Action 10-01165 (HHK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vern McKinley brings this action against the Federal Housing Finance Authority ("FHFA"), claiming that FHFA has improperly withheld two documents that are responsive to a records request that McKinley submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*[1] McKinley argues that FHFA has incorrectly applied the deliberative-process and attorney-work-product privileges to withhold the documents. Before the Court are the parties' cross-motions for summary judgment [## 9, 11]. Upon consideration of the motions, the oppositions thereto, and the record of this case, the Court concludes that the motions should be held in abeyance pending the Court's *in camera* review of the documents.

## I. BACKGROUND

FHFA was created in July 2008 by the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4501 *et seq*. Among other things, FHFA serves as the primary regulatory and oversight

---

[1] McKinley originally sought three documents, but has dropped his claim to one of them. This opinion, however, refers to the remaining documents as "Document 2" and "Document 3" because the parties' filings and exhibits do so.

authority for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation (known respectively as Fannie Mae and Freddie Mac and together as the Enterprises). Def.'s Mot. for Summ. J. Ex. 2 ("Wright Decl.") ¶ 8; *see* 12 U.S.C. § 4511(b). In September 2008, FHFA placed the Enterprises in conservatorship, with the goal of stabilizing their operations and finances. Wright Decl. ¶ 10.

In May 2010, McKinley submitted a FOIA request to FHFA, seeking

> any and all communications and records concerning or relating to the assessment of an adverse impact on systemic risk in addressing Fannie Mae and Freddie Mac, and in particular how the FHFA and the Department of the Treasury determined that conservatorship was the preferred option to avoid any systemic risk of placing Fannie Mae and Freddie Mac into receivership.

Compl. ¶ 5. This request, as McKinley subsequently clarified for FHFA, covers documents from the period spanning July 1 and September 30, 2008. In response to McKinley's request, FHFA initially searched eight different internal offices, including the Office of General Counsel. Def.'s Mot. for Summ. J. Ex. 1 ("Lee Decl.") ¶ 13. The Office of General Counsel produced three potentially responsive documents. Lee Decl. ¶ 15. An FHFA attorney reviewed the documents and concluded that they contained material protected by the deliberative-process and attorney-work-product privileges and were thus withholdable under FOIA's Exemption 5. Lee Decl. ¶ 17; *see* 5 U.S.C. § 552(b)(5). McKinley was notified of that conclusion in July 2010. FHFA conducted a further search in October 2010 that uncovered no new responsive materials. Lee Decl. ¶¶ 18–23.

## II. LEGAL STANDARD

To obtain summary judgment in a FOIA action, an agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (quoting *Nat'l Cable Television Ass'n, Inc. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)) (internal quotation marks omitted). If the agency withholds documents under a FOIA exemption, it may earn summary judgment by producing affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The exemptions, however, "are to be narrowly construed," *FBI v. Abramson*, 456 U.S. 615, 630 (1982). If the Court finds that any records were improperly withheld, it may order their production. 5 U.S.C. § 552(a)(4)(B).

## III. ANALYSIS

Here, McKinley does not challenge the sufficiency of FHFA's search. He also elects not to contest FHFA's withholding of the first of the three responsive documents that its search uncovered. He contends, however, that FHFA has misapplied the deliberative-process and attorney-work-product privileges to the remaining two documents. Neither privilege, McKinley asserts, justifies the withholding of the entirety of each document. The Court addresses each privilege in turn.

A.     **The Deliberative-Process Privilege**

The deliberative-process privilege protects materials that are "both predecisional and deliberative." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 867 (D.C. Cir. 2010). A document is the former if "it was generated before the adoption of an agency policy" and is the latter if "it reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *accord Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006).

Here, it is undisputed that the two documents are predecisional. The parties contest, however, whether the documents are deliberative. FHFA argues that documents are deliberative if, as here, they involve the weighing and consideration of potential courses of action. McKinley argues that a document is not deliberative unless the agency can show that the release of the document would harm the agency's decisionmaking process, which, he contends, FHFA cannot do here. McKinley is incorrect.

On June 3, 2011, the D.C. Circuit rejected McKinley's contention that an agency must show harm to its decisionmaking process in order to withhold a record as "deliberative." Ruling on McKinley's appeal in another FOIA case, the D.C. Circuit explained that "Congress enacted FOIA Exemption 5 . . . precisely because it determined that disclosure of material that is both predecisional and deliberative *does* harm an agency's decisionmaking process." *McKinley v. Bd. of Governors of Fed. Reserve Sys.*, 2011 WL 2162896, at *7 (D.C. Cir. Jun. 3, 2011). The D.C. Circuit further explained that it would be impracticable for courts to determine on a case-by-case basis whether the release of predecisional materials would be harmful. *See id.* at *7–8 (citing *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 775 (D.C. Cir. 1988) (en banc)). It is

4

thus clear that McKinley's position rests on an erroneous understanding of what must be shown for the deliberative-process privilege to apply.

In turn, the Court must conclude that FHFA properly applied the privilege. As noted, McKinley concedes that the documents are predecisional. And, under the standard clarified and applied by the D.C. Circuit in *McKinley*, they are deliberative: they are internal documents that were "provided to . . . senior policymakers to assist in their deliberations" regarding FHFA's oversight of the Enterprises. Def.'s Mot. for Summ. J. Ex. 3 ("Pollard Decl.") ¶¶ 13–14. McKinley does not contend otherwise. Thus, the Court concludes that the documents are protected by the deliberative-process privilege. *See Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975) ("[P]redecisional memoranda *prepared in order to assist an agency decisionmaker in arriving at his decision* . . . are exempt from disclosure . . . ." (emphasis added)).

That conclusion, however, does not resolve this case. "[T]he deliberative process privilege does not protect documents in their entirety; if the government can segregate and disclose non-privileged factual information within a document, it must." *Loving v. Dep't of Defense*, 550 F.3d 32, 38 (D.C. Cir. 2008). Here, FHFA has undertaken no segregability analysis because it believes that the documents are also protected by the work-product doctrine, which does not require the segregation of disclosable material. *See Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005). Thus, to determine whether FHFA has properly withheld the entirety of both documents, the Court must determine whether they are protected work product.

### B. The Work-Product Privilege

The work-product privilege protects "documents . . . that are prepared in anticipation of litigation . . . by or for [a] party or its representative." FED. R. CIV. P. 26(b)(3)(A); *see United States v. Deloitte LLP*, 610 F.3d 129, 134–35 (D.C. Cir. 2010); *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998). Thus, the essential question here is whether these records were prepared in anticipation of litigation. *See In re Sealed Case*, 146 F.3d at 884.

Document 2, according to FHFA's *Vaughn* Index,[2] was "created by the Office of General Counsel to analyze the features, strengths and weaknesses of two alternate approaches for FHFA in dealing with the Enterprises — issuing a consent order or instituting a conservatorship." Wright Decl. Attach. A ("*Vaughn* Index") at 1. It addressed

> the purpose behind both alternatives, analyses of the ability of each to address substantive issues and operational matters, analysis of the public perception of each alternative, analysis of the potential demands upon FHFA, analysis of the potential for judicial review, analysis of potential responses from the Enterprises and analysis of the potential challenges for FHFA under either approach.

*Vaughn* Index at 1. Document 3 was "created by the Office of General Counsel to assess and analyze the issues and options for FHFA's efforts to address the problems of a troubled regulated entity." *Vaughn* Index at 1. It covered

> the ramifications of choosing either conservatorship or receivership and the factors that would support either choice, the factors that would trigger either [option], the powers and authorities of FHFA under either [option], issues for the agency in implementing [either option], the operational requirements that might be required in implementing [either option], the steps that could be required before implementing [either option], the steps that could be required during the implementation of [either option], the impact on officers and directors of implementing [either option], and alternatives to [either option] that might be available to FHFA, including the possibility of an informal order or cease and desist order.

---

[2] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

*Vaughn* Index at 1.

McKinley contends that these descriptions reveal that the two documents were created to help FHFA decisionmakers make policy choices, and not in anticipation of any litigation. FHFA concedes that each document has a policy component, but avers that each was also created to address the possibility that the Enterprises would bring a legal challenge to the policy that it adopted, or that FHFA itself would have to initiate litigation to effect its chosen policy. FHFA asserts that this dual role does not rob these documents of work-product protection.

FHFA is correct that having a non-litigation aspect does not automatically preclude a document from passing the anticipation-of-litigation test. Where a document has a non-litigation component, the key question is whether it "would have been created in essentially similar form irrespective of the litigation." *United States ex rel. Fago v. M & T Mortg. Corp.*, 242 F.R.D. 16, 18 (D.D.C. 2007) (quoting *Willingham v. Ashcroft*, 228 F.R.D. 1, 4 (D.D.C. 2005)) (internal quotation marks omitted). If so, it is unprotected.

Here, the Court lacks the information necessary to answer that question. *See Delaney, Migdail & Young, Chartered v. IRS*, 826 F.2d 124, 128 (D.C. Cir. 1987) ("The agency must provide the reviewing court with materials conveying the nature of the withheld documents in a manner that permits the court to critically evaluate the merit of the agency's claim of privilege."). After reviewing the *Vaughn* Index, the Court cannot discern the proportion of the documents' contents that is devoted to the possibility of litigation, or the depth of that discussion. Likewise, the FHFA's affidavits are insufficient to establish that the documents would have been created in essentially similar form irrespective of the litigation. Accordingly, the Court will order FHFA to

produce the two documents for in camera inspection. *See Quinon v. FBI*, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (noting that "*in camera* review may be particularly appropriate when . . . the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims").

## IV. CONCLUSION

For the foregoing reasons, the parties' cross-motions for summary judgment are held in abeyance pending this Court's *in camera* review of the two documents withheld from disclosure. Accordingly, it is this 7th day of June 2011 hereby

**ORDERED** that defendant Federal Housing Finance Authority produce copies of the two contested documents (identified as Documents 2 and 3 in the *Vaughn* Index) for the Court's *in camera* inspection by no later than July 1, 2011.

Henry H. Kennedy, Jr.
United States District Judge