UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERN MCKINLEY,<br><br>              Plaintiff,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>              Defendant. | MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Civil Action 10-1165 (BJR) |

**MEMORANDUM OPINION**

In this action against the Federal Housing Finance Authority ("FHFA"), Plaintiff Vern McKinley claims that FHFA improperly withheld two documents responsive to a records request that he submitted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. In accordance with an earlier ruling in this case, the parties filed a joint status report [Dkt. # 18] to which they attached portions of the disputed documents that FHFA released pursuant to a court-ordered "segregability analysis." *See* Order of August 26, 2011. Before the Court are the parties' cross motions for summary judgment [Dkt. ## 9, 11], and McKinley's corresponding request that the Court order the production of any additional, segregable material after an *in camera* comparison of the disputed documents and the portions FHFA has released. *See* Joint Status Report [Dkt. # 18]. Upon consideration of the parties' motion, the oppositions thereto, and the record of this case, the Court concludes that FHFA's motion should be granted and McKinley's motion denied.

**I. BACKGROUND**

McKinley is seeking materials related to FHFA's 2008 decision to place the Federal

National Mortgage Association (also known as "Fannie Mae") and the Federal Home Loan Mortgage Corporation (also known as "Freddie Mac") in conservatorship. *See McKinley v. Fed. Hous. Fin. Auth.*, 789 F. Supp. 2d 85, 86 (D.D.C. 2011). In response to McKinley's request, FHFA located three responsive documents but withheld all of them claiming that they were protected by the deliberative-process, work-product, and attorney-client privileges that are incorporated into FOIA's Exemption 5. *Id.*; *see* 5 U.S.C. § 552(b)(5). McKinley dropped his claims as to the first document, but maintained that defendants were required to release the second and third documents. After an *in camera* review of both disputed documents, the Honorable Henry H. Kennedy, Jr. held that the work-product privilege did not apply but that the documents were subject to the deliberative-process privilege. *See* Order of August 26, 2011; *McKinley*, 789 F. Supp. at 87. In accordance with 5 U.S.C. § 552(b), Judge Kennedy ordered FHFA to produce all factual material that was "reasonably segregable" from the protected documents. *See* Order of August 26, 2011. Having held the parties' cross-motions for summary judgment in abeyance while FHFA conducted its segregability analysis, the Court now returns to them.

## II.  LEGAL STANDARD

"Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *McKinley v. Bd. of Governors of Fed. Reserve Sys.*, 647 F.3d 331, 335 (D.C. Cir. 2011); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); Fed. R. Civ. P. 56(a). In the FOIA context, the agency seeking to avoid disclosure of documents must show that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's

inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (quoting *Nat'l Cable Television Ass'n, Inc. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)) (internal quotation marks omitted). The exemptions "are to be narrowly construed," *FBI v. Abramson*, 456 U.S. 615, 630 (1982), and the district court must conduct a *de novo* review of the record. 5 U.S.C. § 552(a)(4)(B). Courts must view the facts in the light most favorable to the requester and "ascertain whether the agency has sustained its burden of demonstrating that the documents requested . . . are exempt from disclosure." *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003) (internal quotation marks omitted). If courts find that any records were improperly withheld, they may order their production. 5 U.S.C. § 552(a)(4)(B).

### III. ANALYSIS

The Court now turns to the motions at hand and examines whether any genuine issue of material fact remains as to the release of the two disputed documents. In the parties' joint status report, FHFA maintains that, pursuant to its segregability analysis, it has released all material that is not protected by the deliberative process privilege and therefore not exempt from disclosure under FOIA. McKinley, who has not had access to the complete versions of either document, has no way of countering this argument. Thus, he requests in the joint status report that Court determine through an *in camera* review of the documents whether the material that FHFA has disclosed includes all factual content that can be reasonably segregated from material protected by the deliberative process privilege. *See* 5 U.S.C. § 552(b); *Army Times Publ'g Co. v. Dep't of Air Force*, 998 F.2d 1067, 1071 (D.C. Cir. 1993).

"[T]he deliberative process privilege does not protect documents in their entirety; if the

government can segregate and disclose non-privileged factual information within a document, it must." *See Loving v. Dep't of Defense*, 550 F.3d 32, 38 (D.C. Cir. 2008).  However, factual material that is "inextricably intertwined with exempted portions" of the documents needs not be disclosed.  *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 775 (D.C. Cir. 2002) (citations omitted).  To fulfill its obligations, an agency need not "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 269 n.55 (D.C. Cir. 1977).  Rather, it must separate out what is reasonably segregable, *see* 5 U.S.C. § 552(b), when factors such as the burden of line-by-line segregation on the agency and the usefuless of the disclosures to the requester are weighed against each other. *See id.* at 261 (explaining that "if only ten percent of the material is non-exempt and it is interspersed line-by-line throughout the document, an agency claim that it is not reasonably segregable because the cost of line-by-line analysis would be high and the result would be an essentially meaningless set of words and phrases[,] might be accepted").

  Here, FHFA has met its burden.  The Court's comparison of the released portions of the document with the withheld material reveals that the agency has appropriately disclosed all factual content that it could reasonably segregate and that is not "inextricably intertwined" with exempted material.  *Johnson*, 310 F.3d at 776.  The withheld material is non-factual and contains opinions, conjectures and other statements comprising the agency deliberations.  Thus, FHFA is not required to produce it.  Applying the requisite, narrow construction of the applicable FOIA exemption, *see Abramson*, 456 U.S. at 630, the Court after *in camera* review of the two documents finds that all nonexempt material has either been disclosed to McKinley or is not

reasonably segregable. As a result, no genuine issue of material fact remains in this case, and FHFA is entitled to summary judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that FHFA's motion for summary judgment must be granted and McKinley's motion for summary judgment denied.  An appropriate order accompanies this memorandum.

                                                        Barbara J. Rothstein
                                                        United States District Judge